UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JASON L. WICHERT,

                Plaintiff,                    Case No. 1:07-cv-853

v.                                                Honorable Wendell A. Miles

PATRICIA CARUSO et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Defendants Patricia Caruso, George Pramstaller, Michigan Department of Corrections and MDOC Bureau of Health Care Services. Plaintiff's action against the remaining Defendants will be transferred to the Eastern District where venue is proper.

**Discussion**

I.      Factual Allegations

Plaintiff is incarcerated in the Saginaw Correctional Facility (SRF).  In his *pro se* complaint, he sues Patricia Caruso, Director of the Michigan Department of Corrections (MDOC); the MDOC; George Pramstaller, Chief Medical Officer of the MDOC Bureau of Health Care Services; MDOC Bureau of Health Care Services; Correctional Medical Services, Inc. (CMS); Nurse Bonnie Dillard; Physician Assistant Howard Tyree; Nurse Manager J. Weipport; Nurse Elizabeth Levine; and Doctor (unknown) Calica.

On April 21, 2007, Plaintiff injured his left foot and ankle while playing basketball. The yard officer prepared an accident report and sent Plaintiff to health care.  Plaintiff told Defendant Dillard that he thought his ankle was broken and requested an X-ray.  Without examining the injury, Dillard told Plaintiff that it was just a sprain and did not require a X-ray.  Dillard put an ace bandage Plaintiff's ankle and issued him some crutches.  Two days later, Plaintiff sent a request to health care asking for an X-ray because his ankle was very swollen and painful.  On April 24, Plaintiff received a response from Roy Gardner (not a named Defendant) stating that X-rays were not indicated.  Plaintiff continued to complain to health services about the pain and swelling in his foot.  Plaintiff was told that his symptoms were normal and instructed him to put as much weight as possible on the foot.

On May 1, 2007, Plaintiff was examined by Defendant Tyree.  Tyree ordered an X-ray and prescribed Plaintiff with Motrin.  On May 8, 2007, Tyree told Plaintiff that his ankle was not broken and requested that he return the crutches.  Two days later, however, Tyree informed Plaintiff that his ankle was fractured, but the injury did not require a cast.  Later that evening,

Plaintiff again was provided with crutches.  Plaintiff made repeated requests to have a cast put on his ankle, but was refused because the bone was not displaced.

Defendant Weipport interviewed Plaintiff on May 18, 2007, regarding a grievance that he filed concerning his injured ankle.  Weipport agreed that Plaintiff's ankle should immediately have been X-rayed and put in a cast.  On May 21, Plaintiff received an air cast for his ankle, which he wore for two months.  Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

II.     Immunity

Plaintiff may not maintain a § 1983 action against the MDOC or the MDOC Bureau of Health Care Services.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).  Because the

Bureau of Health Care Services is a part of the MDOC, it also is immune.  In addition, the State of

Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be

sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the MDOC and the MDOC

Bureau of Health Care Services must be dismissed.

III.      Failure to State a Claim

 A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

 Plaintiff fails to make specific factual allegations against Defendants Caruso and

Pramstaller in his complaint.  Plaintiff appears to sue these Defendants only by virtue of their

supervisory positions within the MDOC.  It is a basic pleading essential that a plaintiff attribute

factual allegations to particular defendants.  *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995)

(where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the

standard that is necessary to weed out meritless actions").  Where a person is named as a defendant

without an allegation of specific conduct, the complaint is subject to dismissal, even under the

liberal construction afforded to *pro se* complaints.  *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL

82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a

basis in law as the complaint is totally devoid of allegations as to them which would suggest their

involvement in the events leading to his injuries").  Moreover, a claimed constitutional violation

must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d at 889, 899 (6th

Cir. 2002).  A  plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory

of respondeat superior or vicarious liability.  *Street v. Corr. Corp. of Am.*, 102 F.3d at 818 (quoting

*Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)).  Plaintiff fails to allege or show that Defendants

Caruso or Pramstaller engaged in any active unconstitutional behavior.  Accordingly, he fails to state

a claim against them.

IV.    Venue

Under the revised venue statute, venue in federal-question cases lies in the district

in which any defendant resides or in which a substantial part of the events or omissions giving rise

to the claim occurred.  28 U.S.C. § 1391(b).  The remaining Defendants are public officials serving

in Saginaw County, and they "reside" in that county for purposes of venue over a suit challenging

official acts.  *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789,

791 (6th Cir. 1972).  Plaintiff's allegations against these Defendants arose in Saginaw County, where

Defendants allegedly committed the acts giving rise to this case.  *See Leroy v. Great W. United

Corp.*, 443 U.S. 173, 185-87 (1979).  Saginaw County is within the geographical boundaries of the

Eastern District of Michigan.  28 U.S.C. § 102(a).  In these circumstances, venue is proper only in

the Eastern District.

## <u>Conclusion</u>

Having conducted the review now required by the Prison Litigation Reform Act, Defendants Caruso, Pramstaller, MDOC and MDOC Bureau of Health Care Services are dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's action against Defendants CMS, Dillard, Tyree, Weipport, Levine and Calica will be transferred to the Eastern District where venue is proper.


Dated: <u>October 2, 2007</u>                          <u>/s/ Wendell A. Miles</u>
                                                         Wendell A. Miles
                                                         Senior United States District Judge